DECISION AND JOURNAL ENTRY
{¶ 1} Defendant-Appellant, William D. Griggs, appeals from his conviction in the Summit County Court of Common Pleas. This Court affirms.
 I {¶ 2} On the night of November 17, 2007, Griggs and his neighbor, Melvin Haskins, got into a fight in the middle of their street, Euclid Avenue. Griggs initiated the fight after Haskins lodged a complaint with Griggs' landlord. Haskins was hospitalized as a result of the fight, and officers arrested Griggs after Haskins identified him as his attacker.
 {¶ 3} On December 3, 2007, Griggs was indicted on one count of felonious assault pursuant to R.C. 2903.11(A)(1). The matter proceeded to a jury trial on February 4, 2008, and on February 5, 2008 the jury found Griggs guilty of felonious assault. Subsequently, the trial court sentenced Griggs to a total of three years in prison and three years of post-release control. *Page 2 
 {¶ 4} On March 12, 2008, Griggs filed his notice of appeal. Griggs' appeal is now before this Court and raises two assignments of error for our review.
 II Assignment of Error Number One "APPELLANT'S CONVICTION ON ONE COUNT OF FELONIOUS ASSAULT WAS AGANST (sic) THE MANIFEST WEIGHT OF THE EVIDENCE."
 Assignment of Error Number Two "THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANT'S CRIMINAL RULE 29 MOTION TO DISMISS THE ONE COUNT OF FELONIOUS ASSAULT FOLLOWING THE STATE'S CASE AND AT THE CONCLUSION OF THE EVIDENCE."
 {¶ 5} In his first and second assignments of error, Griggs argues that his conviction for felonious assault is based on insufficient evidence and is against the manifest weight of the evidence. We disagree.
 {¶ 6} A review of the sufficiency of the evidence and a review of the manifest weight of the evidence are separate and legally distinct determinations. State v. Gulley (Mar. 15, 2000), 9th Dist. No. 19600, at *1. "While the test for sufficiency requires a determination of whether the state has met its burden of production at trial, a manifest weight challenge questions whether the state has met its burden of persuasion." Id., citing State v. Thompkins (1997), 78 Ohio St.3d 380, 390 (Cook, J., concurring). In order to determine whether the evidence before the trial court was sufficient to sustain a conviction, this Court must review the evidence in a light most favorable to the prosecution. State v.Jenks (1991), 61 Ohio St.3d 259, 279. Furthermore:
 "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, *Page 3 
any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." Id. at paragraph two of the syllabus; see, also, Thompkins, 78 Ohio St.3d at 386.
 {¶ 7} In State v. Roberts, this Court explained:
 "[S]ufficiency is required to take a case to the jury[.] * * * Thus, a determination that [a] conviction is supported by the weight of the evidence will also be dispositive of the issue of sufficiency." (Emphasis omitted.) State v. Roberts (Sept. 17, 1997), 9th Dist. No. 96CA006462, at *2.
Accordingly, we address Griggs' challenge to the weight of the evidence first, as it is dispositive of his claim of sufficiency.
 {¶ 8} In determining whether a conviction is against the manifest weight of the evidence, an appellate court:
 "[M]ust review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Otten (1986), 33 Ohio App.3d 339, 340.
A weight of the evidence challenge indicates that a greater amount of credible evidence supports one side of the issue than supports the other. Thompkins, 78 Ohio St.3d at 387. Further, when reversing a conviction on the basis that the conviction was against the manifest weight of the evidence, the appellate court sits as the "thirteenth juror" and disagrees with the factfinder's resolution of the conflicting testimony. Id. Therefore, this Court's "discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." State v. Martin (1983),20 Ohio App.3d 172, 175; see, also, Otten, 33 Ohio App.3d at 340.
 {¶ 9} R.C. 2903.11, the felonious assault statute, provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another[.]" R.C. 2903.11(A)(1). In defining the term "knowingly," the Revised Code provides that "[a] person acts knowingly, regardless of his *Page 4 
purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist." R.C. 2901.22(B).
 {¶ 10} Griggs argues that his fight with Haskins amounted to nothing more than "mutual combat between two men" and that Haskins was not seriously injured in the fight. He further argues that the State failed to prove that he intended to cause serious bodily harm to Haskins. We disagree.
 {¶ 11} Haskins testified that he lived next door to Griggs on Euclid Avenue. Although the two spoke amicably at first, Haskins testified that he became upset with Griggs when Griggs tied his dog up to one of Haskins' trees. Haskins told Griggs that he could temporarily use the tree so long as he found an alternative solution, but after three weeks and several attempts at asking Griggs to put his dog elsewhere, Griggs still refused. Haskins knew that Griggs rented his property, so he approached Griggs' landlord on November 17, 2007 and asked the landlord to say something to Griggs about moving the dog. After speaking with Griggs' landlord, Haskins walked to the store and did not return for approximately three hours.
 {¶ 12} Doug Mielak, Griggs' landlord, testified that Haskins approached him on November 17, 2007, and asked him to speak with Griggs about keeping his dog away from Haskins' yard. Mielak stated that he spoke with Griggs a short while later and informed him of Haskins' complaint.
 {¶ 13} Upon his return home, Haskins heard someone say "[t]here goes that motherf****r" as he crossed the street to his house. Griggs, infuriated with Haskins for speaking with his landlord, began to accuse Haskins of interfering in his business. Without warning, Griggs swung his left hand and hit Haskins. Haskins testified that Griggs hit him three to four *Page 5 
more times and that, when he went down on his knees, Griggs started to kick him. At one point, the yelling of other neighbors telling Griggs to stop caused Griggs to pause his attack for a few minutes, but he punched Haskins several more times before finally walking away. After the fight, Haskins walked to the hospital where he was treated for his injuries. Haskins had surgery on his eye as a result of the fight and testified that he still had slightly blurry vision at the time of trial. During his testimony, Haskins admitted that he occasionally used crack cocaine, but that he had not ingested any cocaine on the day of the assault.
 {¶ 14} Akron Police Department Officer Kerry Jackson testified that she was dispatched to Akron General Medical Center on November 17, 2007 to take a report from Haskins on the assault. Officer Jackson observed that Haskins had a "severe laceration above his eye" to the point that "part of [his] eyelid was * * * sliding down." Haskins reported in his interview with Officer Jackson that Griggs was responsible for his injuries. Officer Jackson stated that Haskins did not appear to be under the influence of alcohol or other substances during the interview.
 {¶ 15} Our review of the record convinces us that the jury did not err in convicting Griggs of felonious assault. Haskins received multiple facial injuries as a result of his encounter with Griggs, including a "severe laceration" above his eye. This injury amounted to "serious physical harm." Griggs admits that he hit Haskins, but argues that their fight amounted to an instance of "mutual combat." The record, however, does not support Griggs' assertion that Haskins fought back. Moreover, even if Haskins had fought back once Griggs attacked him, his actions would have had no bearing upon Griggs' own culpability. Griggs intentionally struck Haskins, thereby causing his serious physical harm. Accordingly, Griggs' conviction for felonious assault is not against the manifest weight of the evidence. *Page 6 
 {¶ 16} Having disposed of Griggs' challenge to the weight of the evidence, we similarly dispose of his sufficiency challenge. SeeRoberts, supra, at *2. Griggs' first and second assignments of error lack merit.
 III {¶ 17} Griggs' assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App. R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App. R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App. R. 30.
Costs taxed to Appellant.
 SLABY, P. J. DICKINSON, J. CONCUR *Page 1